UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re | ) CHAPTER 11 |
| | ) |
| 6757 S. EVANS, LLC | ) CASE NO. 11-12455 |
| | ) |
| Debtor. | ) |
| | ) |

**MODIFICATION TO STIPULATION AND FINAL ORDER PURSUANT TO 11 U.S.C. §§ 361, 363 AND 364 AUTHORIZING USE OF BANK OF AMERICA, N.A.'S CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

On June 2, 2011, this Court entered the Stipulation and Agreed Order Pursuant to 11 U.S.C. §§ 361, 363 and 364 Authorizing Use of Bank of America, N.A.'s Cash Collateral and Granting Adequate Protection (the "Order") [Docket No. 36]. At the request of the United Stated Trustee, and upon the agreement of the Debtor and Bank of America, N.A., Paragraph 19 of the Order shall be replaced with the following:

"19.   The stipulations contained in the recital paragraphs of this Final Order shall be binding upon all parties in interest, including, without limitation, the Debtor and any statutory committee appointed in this Chapter 11 Case (but excluding any subsequently appointed Chapter 7 trustee), unless a party in interest (including any statutory committee appointed in this Chapter 11 Case) has timely filed an adversary proceeding challenging the amount, validity, enforceability, perfection or priority of the Prepetition Indebtedness or the Lender's liens on the Prepetition Collateral in respect thereof, or otherwise asserting any claims or causes of action against the Lender relating to the Prepetition Indebtedness on behalf of the Debtor's estate, no later than the date that is seventy-five (75) days after the entry of this Final Order (or, in the case of a creditor's committee, sixty (60) days from the date of its formation, to the extent such date is later), and this

CH01DOCS\163529.1

Court enters a final, non-appealable judgment in favor of the plaintiff in any such timely filed adversary proceeding. If no such adversary proceeding or contested matter is properly commenced as of such date, the Prepetition Indebtedness shall constitute an allowed fully secured claim, not subject to subordination or otherwise unavoidable, unless determined otherwise by applicable law. Subject only to the provisions of this Final Order, for all purposes in this Chapter 11 Case, and any subsequent Chapter 7 case, the Lender's liens on the Prepetition Collateral shall be deemed legal, valid, binding, perfected, not subject to defense, counterclaim, offset of any kind, subordination and otherwise unavoidable, and the Lender, the Prepetition Indebtedness and the Lender's liens on the Prepetition Collateral shall not be subject to any other or further challenge by any party in interest seeking to exercise the rights of the Debtor's estate, including, without limitation, any successor thereto, unless applicable law dictates otherwise (and excluding any subsequently appointed Chapter 7 trustee). If any such adversary proceeding is properly commenced as of such date, the findings contained in the recital paragraphs of this Final Order shall nonetheless remain binding on all parties in interest except to the extent that such findings were expressly challenged in such adversary proceeding."

With the exception of the foregoing, all other terms, conditions and provisions of the Order shall remain unchanged and in full force and effect.

Dated: Chicago, Illinois
       June __, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

JUN 1 4 2011

CH01DOCS\163529.1